UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ARIENTE S. WILLIAMS                                                    CIVIL ACTION

VERSUS                                                                          NUMBER: 24-1680

UNITED STATES OF AMERICA                                        SECTION: "M"(5)

### ORDER AND REASONS

Before the Court is Plaintiff's Motion for Leave to Amend Complaint. (Rec. doc. 27). Defendant opposes the motion. (Rec. doc. 30). Having reviewed the motion and the case law, the Court finds oral argument unnecessary and rules as follows.

This lawsuit arises out of a three-car accident near the Superdome after a Saints playoff game on January 5, 2020. (Rec. doc. 27-4). Plaintiff Ariente S. Williams had completed a shift at a concession stand in the Superdome and was driving her Nissan Sentra in stop-and-go traffic on Girod Street/Dave Dixon Drive after the game. (Rec. doc. 30-1 at 15–16). She hit the rear bumper of a SUV in front of her. (*Id.* at 36–38). Plaintiff and the SUV driver assessed the bumpers and returned to their vehicles. (*Id.*).

Around this same time, U.S. Postal Service tractor-trailer driver Warren Daniels was parked on the curb of Liberty Street/Julia Street, waiting until traffic died down to make a right-hand turn onto Girod Street. (Rec. doc. 30-2 at 50–54). A uniformed New Orleans Police Department ("NOPD") traffic officer approached Daniels' cab and offered to stop traffic and direct his turn. (*Id.*). Daniels indicated that he was in no rush, but the traffic officer began directing him to make the right turn on to Girod Street (*Id.*).

While the NOPD officer was directing Daniels, the rear, passenger portion of the tractor-trailer's blind spot impacted the driver's side, rear of Plaintiff's sedan. (Rec. doc. 27-4). This caused Plaintiff's sedan to again hit the rear of the SUV in front of her. (*Id.*).

Daniels stopped his truck when he first felt an impact. (Rec. doc. 30-2 at 60). The NOPD traffic officer directing Daniels' turn removed his vest and left the scene. (*Id.* at 71). A separate NOPD patrol unit eventually arrived on the scene to investigate the accident and write a report. (Rec. doc. 27-4 at 10).

Plaintiff sued the United States under the Federal Tort Claims Act on July 2, 2024. (Rec. doc. 1). Plaintiff now seeks to add the NOPD as a Defendant based on information and belief that an unidentified NOPD traffic officer contributed to the January 5, 2020 collision. The District Judge entered a Scheduling Order with a deadline of January 3, 2025 deadline to amend pleadings. (Rec. doc. 11). The District Judge then continued and reset the trial date in June 2025 but specifically noted that "[t]he deadline for amendments to pleadings, third-party actions, crossclaims, and counterclaims has passed." (Rec. doc. 23). Plaintiff filed her motion to amend on July 21, 2025.

"Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired." *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003); *Tokio Marine v. Bernhard Schulte Ship Mgmt. India Pte. Ltd.*, No. CV 24-2754, 2025 WL 2255423, at *1-2 (E.D. La. Aug. 7, 2025). Under Rule 16(b)(4) of the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent." In evaluating whether the movant has demonstrated good cause, courts "consider '(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.'" *S&W Enters.*, 315 F.3d at 536 (quoting *Reliance Ins. Co. v. La. Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir. 1997)) (alterations omitted). "Only upon the movant's demonstration of good cause to modify the

2

scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *Id.*

Under Rule 15(a), while leave is not automatic, "[t]he court should freely give leave when justice so requires." *Id.* (citing *Avatar Expl., Inc. v. Chevron USA, Inc.*, 933 F.2d 314, 320 (5th Cir. 1991)). Relevant factors to consider under Rule 15(a) include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Id.*

The Court finds that Plaintiff has not demonstrated good cause for the amendment. First, she failed to even address the factors under Rule 16 and has thus not addressed the good-cause standard. Second, the Court finds that Plaintiff missed two deadlines for which no explanation is given. While the District Judge indicated at a conference on July 10, 2025 that he would allow Plaintiff to file a motion for leave to amend (rec. doc. 26), he ordered her to do so within seven days. Plaintiff's motion would thus have been due on July 17, 2025, Fed. R. Civ. P. 6(a), a deadline Plaintiff missed. This is in addition to the operative date for amendments, which was January 3, 2025. (Rec. doc. 11). Plaintiff does not explain why she failed to meet either deadline.

Plaintiff offers only that she recently learned of the participation of the (as-yet still unnamed) NOPD officer when the parties deposed Daniels. But the documents attached to her motion belie that position. Both the NOPD incident report and the USPS report both mention that a NOPD officer directed Daniels to make the turn. (Rec. docs. 27-4 at 3, 30-3). Plaintiff has had both reports in her possession since the outset of this lawsuit, and she

makes no attempt to explain why she could not have added the NOPD as a Defendant at that time.

The Court also finds that Defendant would suffer prejudice as it is apparent that much discovery has already occurred in this lawsuit, and said discovery would have to be done again with the NOPD as a Defendant. Both the depositions of Plaintiff and Daniels have already occurred and would have to occur again with the participation of the NOPD. That is a waste of the parties' and the Court's resources.

In short, because the Court finds that Plaintiff did not even address Rule 16 (and failed to file a reply to fix that issue), and even had she done so, no good cause exists,

**IT IS ORDERED** that Plaintiff's Motion for Leave to Amend Complaint (rec. doc. 27) is **DENIED**.

**IT IS FURTHER ORDERED** that the oral hearing set on Thursday, August 14, 2025 is **CANCELLED**.

New Orleans, Louisiana, this 13th day of August, 2025.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE